[No. 8451.]

YARNAL, ET AL. V. THE CITY BANK & TRUST COMPANY.

1. PLEADING—*Surplussage.* Allegations of matter having no relevancy to the cause of action asserted, are rejected as surplussage. (301.)

2. APPEAL AND ERROR—*Judgment.* Improper directions in the judgment below do not render it necessary to award a new trial. The judgment reversed and the cause remanded with directions to enter the proper judgment. (301.)

*Error to Jefferson District Court.* Hon. H. C. CLASS, Judge.

Mr. EDWIN N. BURDICK, Mr. GEORGE J. HUMBERT and Mr. H. H. WHITTIER, for plaintiffs in error.

Mr. T. M. STUART, Jr., Mr. CLIFFORD W. MILLS, for defendant in error.

GARRIGUES, J., delivered the opinion of the court.

This action was originally entitled in the complaint filed December 12, 1912, Allen M. Ghost, plaintiff, v. Rollins M. Yarnal, George S. Yarnal, A. Wilson and B. R. Wilson, defendants. It alleges in substance that August 14, 1812, Rollins and George S. Yarnal and A. and B. R. Wilson,

as principles, executed their two promissory notes, one for $308.00 due in 60 days, and the other for $275.00 due in 4 months, after date, with interest at 12 per cent per annum, payable to the order of W. A. Garner; that as security for the payment of the notes, the defendants Yarnal executed to Garner a chattel mortgage upon their six head of horses, located and kept on the Quimby ranch, 4 miles northwest of Arvada in Jefferson county, Colorado; that the mortgage contains a clause whereby the mortgagee is entitled and authorized to take possession of all the horses as his own property, in case of default in the payment of either of the notes; that for a valuable consideration, Garner sold, assigned and transferred, before maturity, all his right, title and interest in the notes and security to the plaintiff Ghost, who is the owner and holder thereof; that when it matured, defendants failed and refused to pay the first note due in 60 days after date, and on account of such refusal the second note maturing 4 months after date, by the terms and provisions of the chattel mortgage became due and payable; that plaintiff in person demanded of defendants Yarnal possession of the horses, under the conditions of the chattel mortgage, which was denied. Plaintiff prays judgment for the possession of the horses, or, in case delivery cannot be had, for their value. At the same time plaintiff filed the usual affidavit in replevin stating that he owned and was entitled to the possession of the horses, of the real value of $700.00, the possession of which was unlawfully detained by the defendants Yarnal, and also at the same time executed a replevin bond in the sum of $1400.00 as required by statute. The summons issued in the action states *inter alia*:

"This is an action in replevin as will more fully appear from a copy of the complaint hereto attached," and bears the following endorsement:

State of Colorado, County of Jefferson, ss.

I do hereby certify that I have duly executed the within

summons this 12th day of December, A. D. 1912, by delivering to and leaving with the said defendants Geo. S. Yarnal and Rollins M. Yarnal a copy of the within writ, together with a copy of the complaint of the within stated action. After strict search and due inquiry I am unable to find the within named A. Wilson and B. R. Wilson. (Signed) Jos. Dennis, Jr., Sheriff, by James Mencimer, deputy.

At the same time the usual writ of replevin was issued upon which the following endorsements appear:

"This writ came into my possession on the 12th day of December, A. D. 1912, at 9 o'clock a. m. Joseph Dennis, Jr., Sheriff, by James Mencimer, deputy."

"State of Colorado, County of Jefferson, ss.
I have duly executed the within writ this 12th day of December, A. D. 1912, by taking into my possession all of the personal property described in the within writ. After holding the same in my possession until 8:25 p. m. on Dec. 13th, 1912, the defendants Rollins M. Yarnal and George S. Yarnal presented to me a redelivery bond in the penal sum of $1400.00 with the Southwestern Surety Insurance Company and George S. Yarnal as sureties, the said bond I approved. I then turned all of the said personal property to the defendants Rollins M. Yarnal and George S. Yarnal.

I also certify that I delivered to the said Rollins M. Yarnal and George S. Yarnal each a true copy of the within writ at their residence in Jefferson County, Colo., on Dec. 12th, 1912. (Signed) Joseph Dennis, Jr., sheriff, James Mencimer, deputy."

The next day after the levy, December 13, 1912, the defendants Yarnal executed and delivered to the sheriff a redelivery bond which recites among other things that whereas the sheriff took from them upon a writ of replevin, the possession of the six head of horses described in the complaint, and they being desirous of having redelivered to them the property, executed the bond conditioned for

the delivery of the property to plaintiff if it shall be so adjudged. The Wilsons were not served and made no appearance. Defendants Yarnal appeared and demurred to the complaint upon the grounds: I. That it did not state facts sufficient to constitute a cause of action. 2. For misjoinder of parties, because the replevin action was based upon the provisions of a chattel mortgage which the Wilsons did not sign, and they are not alleged to be in possession of the property. 3. That the complaint is ambiguous, unintelligible and uncertain, because in one place it alleges the defendants executed the mortgage; while in another it says only defendants the Yarnals executed it; that the date of the assignment to Ghost should be alleged; that it is insufficient, because it does not allege the mortgage was recorded; that no demand was made upon the Wilsons for possession, and that the provisions of the mortgage authorizing a foreclosure are not set forth. This demurrer was overruled. The defendants Yarnal then moved: That plaintiff be required to state whether or not the Wilsons as well as the defendants Yarnal signed the mortgage; that the interest of the Wilsons in the action be stated; that plaintiff be required to set forth a copy of the notes and mortgage, and state whether the mortgage is recorded—giving book and page; also the date of the assignment of the notes and mortgage to plaintiff, which motion was denied. They then filed an answer in which they admit they executed the notes and mortgage, but deny the Wilsons signed the mortgage; deny that under the terms and conditions of the mortgage plaintiff could take possession of the property in case of default in the payment of either note; deny that they failed and refused to pay either of the notes at maturity; admit that plaintiff demanded possession of the horses, which they refused; but deny the demand for possession was made under the terms of the chattel mortgage. It was also alleged that they had an agreement with Garner for an

extension of the notes, which alleged agreement was denied by the replication.

Upon suggestion of the death of Ghost, The City Bank & Trust Company, defendant in error, was substituted as plaintiff. Defendants offered no evidence on the trial. The case was tried to the court without a jury, which found that plaintiff at the beginning of the action was entitled to the possession of all the horses described in the complaint, which were of the value of $700.00, and adjudged plaintiff entitled to a return of the property, or in default of such a return, to a judgment for its value.

2. The action is in replevin and the evidence amply sustains the finding and judgment of the court that plaintiff is entitled to the possession of the property; or, in case a delivery cannot be had, to the value thereof. The complaint sets forth much more than we have stated, but is not subject to demurrer. It contains all the allegations necessary to constitute an action in replevin, and the extraneous matters will be treated as surplussage.

The findings of the court are fully sustained by the evidence and entitled plaintiff to a judgment, but the judgment entered by the court contains too much. If it had, as the code requires, only given plaintiff the possession of the horses, or the value thereof in case a delivery could not be had, we would not disturb it; but it contains other matters which have no place in a judgment in replevin. This, however, does not render a new trial necessary. The findings of the court are ample and contain all that is essential to the entry of a proper judgment; therefore, the judgment will be reversed, and the cause remanded with directions to the lower court to vacate and set aside the judgment heretofore entered, and to enter, upon the findings, an alternative judgment that plaintiff, The City Bank & Trust Company, as executor of the estate of Allen M. Ghost, deceased, recover from the defendants Yarnal, the possession

of the horses described in the complaint; or, in case possession of the property is not delivered to plaintiff, that plaintiff have and recover of and from the defendants Yarnal, the sum of $700.00, the value thereof found by the court, with interest thereon at the legal rate from April 29, 1914, the date of entry of the original final judgment in the court below, with costs. Neither party will recover costs in this court.

*Reversed and remanded with directions.*

Chief Justice GABBERT and Mr. Justice SCOTT concur.